UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUTH MARTIN,<br><br>          Plaintiff,<br><br>    v.<br><br>THE KROGER COMPANY, dba SMITH'S FOOD & DRUG CENTERS, INC., et al.,<br><br>          Defendants. | Case No. 2:12-cv-01373-MMD-PAL<br><br>ORDER<br><br>(Def.'s Response to<br>Order to Show Cause – dkt. no. 20) |

**I.    SUMMARY AND BACKGROUND**

This case comes before this Court through Defendant Smith's Food & Drug Centers, Inc.'s ("Smith's") Petition for Removal. (Dkt. no. 1.) Plaintiff Ruth Martin filed this action on April 19, 2012, in the Eighth Judicial District Court in Clark County, Nevada, and filed a First Amended Complaint ("FAC") on May 22, 2012. Plaintiff's FAC alleges one count of negligence. (Dkt. no. 1-1 at 10.) Martin alleges that while shopping at Defendant Smith's grocery store on April 27, 2010, she stopped at a rack containing bakery products to examine the baked goods. (Dkt. no. 1-1 at ¶¶ 10-11.) After opening a swinging door that the bakery products were kept behind, Martin alleges that the door in question swung back and struck her on her left elbow, making her fall onto the floor and hit her right shoulder. (Dkt. no. 1-1 at ¶¶ 10-12.) Martin alleges that this incident caused her significant injury for which she sought medical care and hospitalization, and

that she continues to suffer physical and mental pain as a result of her injury. (Dkt. no. 1 at ¶¶ 20-22.)

Smith's removed the action on the basis of 28 U.S.C. §§ 1332 and 1446. After reviewing the petition for removal, the Court ordered Smith's to show cause as to why the case should not be remanded for lack of subject matter jurisdiction. (Dkt. no. 19.) Smith's timely filed its Response. (Dkt. no. 20.) Having reviewed the Response and the accompanying documents, the Court orders that the case be remanded to state court.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). In considering what evidence may be considered under (2) above, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-

judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

For jurisdictional purposes, the amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In determining the amount in controversy, a district court may consider the amount of compensatory and punitive damages recoverable based on plaintiff's complaint as well as attorney fees, but may not consider interest and cost of suit. *Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d 1222, 1225 (citing *Hunt v. Wash. State Apple. Adver. Comm'n*, 432 U.S. 333, 347-48 (1977)).

## III.  DISCUSSION

Smith's claims that the amount in dispute meets the statutory minimum required for the Court to exercise jurisdiction. However, its arguments are premised more on speculation than a specific showing of a dispute worth more than $75,000. Smith's has demonstrated that the amount in controversy exceeds $50,000 evident from Martin's Petition for Exemption from Arbitration. (*See* dkt. no. 1-1 at 38-42.) Martin sought this exemption based on medical damages totaling $43,488.09, as well as general damages that would place the total above $50,000. (*Id.* at 41.)

In attempting to provide specific evidence that the amount in controversy exceeds $75,000, Smith's filed a report analyzing a January 23, 2012, MRI performed on Martin which concluded that Martin suffers from a "partial rotator cuff tear" and "severe degenerative acromioclavicular joint narrowing." Smith's points to paragraph 21 of Martin's Complaint where Martin alleges that additional medical care will be required in the future to treat her injuries, and argues that the past medical damages coupled with the likelihood of future medical treatment pushes the amount in dispute over the minimum statutory threshold. (*See* dkt. no. 1-1 at ¶ 21.)

Based on this evidence, the Court nonetheless finds that Smith's has not satisfied its burden. Smith's concedes that it must speculate as to how much Martin will ask to

compensate her in the future, but asks the Court to indulge this speculation contrary to the law. *Lowderkmilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007). (noting that a court "cannot base [its] jurisdiction on Defendant's speculation and conjecture."). First, there is no indication that Martin seeks general damages much more than the approximately $6,500 that was indicated in her Petition for Exemption from Arbitration. Unless Smith's can provide some guidepost for what these non-monetary damages will be, the Court is left to guess how Martin plans to prosecute her suit. Second, it is unclear what treatment plan Martin will undergo based on the MRI report submitted by Smith's, let alone what the cost of that plan will be. Without specific, "summary judgment-type" evidence deployed to overcome the "strong presumption" against removal jurisdiction, removal in this circumstance is premature. *See Singer*, 116 F.3d at 377; *Gaus*, 980 F.2d at 567.

The Court operates under a continual duty to establish its own jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). It cannot do so here.

## IV.     CONCLUSION

IT IS THEREFORE ORDERED that this case be REMANDED consistent with this opinion. The Clerk shall close this case.

DATED THIS 27th day of November 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE